IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIAHANN GRASTY,                     :      CIVIL ACTION
                                    :      NO. 08-3416
          Plaintiff,                :
                                    :
          v.                        :
                                    :
MICHAEL J. ASTRUE,                  :
Commissioner of the                 :
Social Security                     :
Administration,                     :
                                    :
          Defendant.                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                       SEPTEMBER 29, 2009


          Plaintiff, Diahann Grasty ("Plaintiff") filed this
action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking
judicial review of a final decision of the Commissioner of the
Social Security Administration ("Commissioner") denying
Plaintiff's application for disability insurance benefits ("DIB")
and supplemental security income benefits ("SSIB") under Titles
II and XVI of the Social Security Act.

          Upon consideration of Plaintiff's motion for summary
judgment (doc. no. 9), Defendant's response thereto (doc. no.
11), Plaintiff's reply thereto (doc. no. 14), Magistrate Judge
Angell's Report and Recommendation (doc. no. 18), and Plaintiff's
objections to the Report and Recommendation (doc. no. 19), the
Court will approve and adopt the Report and Recommendation.

**I.     BACKGROUND**

A.     <u>Factual Background</u>

Plaintiff was born on January 13, 1958 and completed twelfth grade along with three years of college education. Administrative Record[1] 107, 126.  Plaintiff has relevant past work experience as a housekeeper, customer service representative, and relay operator.  <u>Id.</u> at 22.  The longest period of employment for Plaintiff was from 1994 until 1999, during which time she worked eight hours a day, five days a week as a customer service representative for the hearing impaired. The Vocational Expert who testified at Plaintiff's administrative hearing identified the housekeeper job as unskilled and light work, whereas the relay operator and customer service positions were rated as semi-skilled and sedentary.  <u>Id.</u> at 21.  Plaintiff alleges that she is disabled due to the following conditions: carpal tunnel, diffused tendonitis, herniated disc, diabetes, right shoulder impingement, insomnia and depression.  <u>Id.</u> at 15, 52, 146.  Plaintiff contends that she suffers from a litany of ailments, but that her orthopedic conditions with respect to her neck, shoulder, and upper extremities are a result of injuries sustained in two separate SEPTA bus accidents occurring on March 3, 2006 and August 9, 2006.  Plaintiff is right-hand dominant.

---

[1]     Hereinafter "Admin. R."

Id. at 41.  Plaintiff alleges that the onset date for disability is March 14, 2003.

    B.  <u>Procedural Background</u>

On September 21, 2006, Plaintiff first filed her applications for DIB and SSIB.  These applications were denied on November 2, 2006, and Plaintiff timely filed a request for hearing.  Id. at 53-62.  On December 3, 2007, Administrative Law Judge Christine McCafferty (the "ALJ") held a hearing, at which both Plaintiff and Vocational Expert James H. Earhardt (the "VE") testified.

On December 28, 2007, the ALJ issued a decision finding that Plaintiff suffered from the following severe impairments: cervical disc disease, right shoulder tendonitis and a mood disorder.  Id. at 17-18.  The ALJ further found, however, that Plaintiff did not suffer from the following severe conditions: hypertension, diabetes, and carpal tunnel syndrome.  Id.  The ALJ denied Plaintiff's DIB and SSIB claims, concluding that Plaintiff did not qualify as disabled due to her residual functional capacity ("RFC") to perform her past work as a housekeeper, relay operator, and customer service representative.  Id. at 22-23.

On May 28, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Plaintiff subsequently filed this motion on December 27, 2008, seeking review of the ALJ's decision.  Following the filing of this

motion for summary judgment by Plaintiff, this case was referred
to Magistrate Judge Angell for a report and recommendation.

Magistrate Judge Angell recommends that Plaintiff's
motion for summary judgment be denied, and that judgment be
entered in favor of Defendant.[2]  Plaintiff has filed objections
to the Report and Recommendation and the matter is now before the
Court.

## II. ANALYSIS

A. <u>Legal Standard</u>

In reviewing the Commissioner's final determination
that a person is not disabled and therefore not entitled to
Social Security benefits, the Court is precluded from
independently weighing the evidence or substituting its own
conclusions for those reached by the ALJ.  <u>Burns v. Barnhart</u>, 312
F.3d 113, 118 (3d Cir. 2002).  Instead, the Court must review the
factual findings presented in order to determine whether they are
supported by substantial evidence.  42 U.S.C. § 405(g);
<u>Rutherford v. Barnhart</u>, 399 F.3d 546, 552 (3d Cir. 2005).
Substantial evidence constitutes that which a "reasonable mind

---

[2]     In response to Plaintiff's motion for summary judgment,
Defendant submitted a "Response to Request for Review by
Plaintiff," however, in its pleading, Defendant requests that the
Court treat this pleading as a cross motion for summary judgment.
Accordingly, Plaintiff is on notice that Defendant is seeking
summary judgment in this form, and has refiled to it.  (<u>See</u> doc.
no. 14).

might accept as adequate to support a conclusion." <u>Rutherford</u>,
399 F.3d at 552 (internal quotations and internal quotation marks
omitted).  "It is 'more than a mere scintilla but may be somewhat
less than a preponderance of the evidence'" <u>Id.</u> (quoting
<u>Ginsburg v. Richardson</u>, 436 F.2d 1146, 1148 (3d Cir. 1971)).  If
the ALJ's findings of fact are supported by substantial evidence,
the Court is bound by those findings.  <u>See</u> <u>Fargnoli v. Massanari</u>,
247 F.3d 34, 38 (3d Cir. 2001).

       B. <u>Magistrate Judge Angell's Analysis</u>

              After reviewing the ALJ's determination, Magistrate
Judge Angell concluded: (1) that the ALJ did not commit
reversible error by failing to include in the hypothetical
questioning of the VE certain limitations with respect to
Plaintiff's handling and fingering ability in her right upper
extremity; (2) that substantial evidence supported the ALJ's
decision that Plaintiff can return to her past relevant work as a
housekeeper, relay operator or customer service representative;
(3) that the ALJ committed no reversible error of law by
purportedly disregarding certain medical evidence; (4) that the
ALJ afforded proper weight to the assessment of Plaintiff's
treating chiropractor; and (5) that substantial evidence
supported the ALJ's conclusion that Plaintiff is not under a
disability.

              1.    The ALJ's hypothetical questioning included all
                    relevant limitations regarding Plaintiff's right

upper extremity.

In order for the testimony of a vocational expert to be considered as substantial evidence of disability, the ALJ is required to post hypothetical questions to the vocational expert which accurately reflect a claimant's "credibly established limitations." Rutherford, 399 F.3d at 554. This hypothetical questioning need not include all alleged impairments, rather the ALJ must address only those claims credibly supported by the available record. See Burns, 312 F.3d at 123 (finding that the questions posed to the vocational expert must include impairments supported by "medically undisputed evidence in the record").

Plaintiff contends that the medical evidence of record dictated that the ALJ's hypothetical questioning to the VE should have included a description of a limitation on handling and/or fingering with respect to Plaintiff's right upper extremity. Magistrate Judge Angell noted that the ALJ's questioning regarding the ability to resume Plaintiff's past work included the hypothetical impairment of "[n]o overhead reaching." Rep. & Rec. 13. Magistrate Judge Angell further noted that Plaintiff's counsel posed additional questions to the VE to augment this inquiry as follows:

> Q:  Assuming an individual who has loss of the dominant arm for repetitive action, would that their – like I guess the housekeeping, the relay operator, or the customer service job?
>
> A:  I need more quantification on  – is it total use?

6

<pre>
        No use –

Q:   No, only -

A:   -of the right arm?

Q:   Well-

A:   Occasional?

Q:   - I Guess that's already - no repetitive motion.
     Just no more than a third of the day.

A:   That would be occasional . . .
</pre>

Admin. R. at 46.  Further questioning by Plaintiff's counsel elicited from the VE that if Plaintiff were impaired with only occasional reaching, handling, and fingering, then no "realistic employment opportunities" would be available.  <u>Id.</u>  Thus, further questioning by Plaintiff's attorney to the VE did provide the ALJ with information regarding a hypothetical limitation on Plaintiff's fingering and/or handling, even though the ALJ was not required to accept that such a limitation was established by the record.

Magistrate Judge Angell analyzed the medical evidence submitted by Steven D. Grossinger, D.O., of Swathmore Neurology Associates ("Grossinger").  Grossinger evaluated Plaintiff's EMG and nerve conduction studies in April 2006 following Plaintiff's involvement in a SEPTA bus accident.  Grossinger concluded that no denervation or nerve conduction abnormality was present, and his diagnosis was that of "a normal study of the right upper extremity."  <u>Id.</u> at 168-171.  Furthermore, Grossinger

subsequently evaluated Plaintiff in September 2006 following a second bus accident and no reference to difficulties in handling and/or fingering with Plaintiff's right extremity were disclosed and Grossinger's evaluation notes that the pain complained of by Plaintiff did not extend to the "upper extremities."  Id. at 432.

Magistrate Judge Angell also relied upon Plaintiff's Physical RFC Assessment which denoted no limitation with respect to handling or feeling.  Id. at 316-321.  Although Plaintiff's Disability Determination Rationale, dated November 1, 2006, limits Plaintiff to light RFC with limitations in reaching and fingering with her right arm and hand, Plaintiff's resulting assessment was "not disabled."  Id. at 52.  Grossinger did note in one assessment that Plaintiff suffered from neck pain which extended to her right arm and hand, and that Plaintiff has "exacerbation of right arm discomfort" as a result of her bus accidents.  Id. at 153.  This evidence is not dispositive, however, and the ALJ is free to consider all such evidence in rendering a final determination on Plaintiff's limitations for purposes of hypothetical questioning.

Furthermore, Magistrate Judge Angell noted that medical information submitted by Plaintiff's chiropractor references a mild pain level and opines that Plaintiff can handle and finger occasionally, though not repetitively.  Id. at 296, 450. Magistrate Judge Angell found that in light of all the available

medical evidence, the ALJ was entitled to conclude that a limitation with respect to Plaintiff's handling and/or fingering ability in her right upper extremity was not established by the available record, and therefore, was not required to be included in the hypothetical questioning.  A review of the available record supports Magistrate Judge Angell's conclusion that the ALJ need not have presented Plaintiff's limitations with greater specificity, and thus, the VE's testimony may be relied upon as substantial evidence to support the ALJ's decision.

>    2.    The ALJ's finding that Plaintiff can return to her past relevant work.

Pursuant to the relevant administrative framework, a finding of disability requires the following sequential analysis: (1) whether the claimant is currently employed; (2) whether the record demonstrates that claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the requirements of a listed impairment; (4) whether the claimant can perform past relevant work; and (5) if not, whether the claimant is able to perform other work, in view of his age, education, and work experience.  See 20 C.F.R. § 416.920.  The claimant retains the burden of establishing the inability to return to past relevant work.  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

With respect to Plaintiff's past relevant work, she indicated that she left each position for the following reasons:

(1) housekeeper – insubordination and pain associated with her injured right arm; (2) customer service - terminated due to complaints that her manager and housekeeping staff wanted to kill her; and (3) relay operator - carpal tunnel syndrome.  Rep. & Rec. at 17-18.  The ALJ concluded that the record of available medical evidence established that Plaintiff possessed the RFC to lift/carry up to twenty pounds, sit up to six hours out of an eight-hour workday, perform postural activities occasionally, perform simple repetitive tasks with only occasional changes in work setting and occasional contact with co-workers and the public.  Id. at 20.  Furthermore, the ALJ considered Plaintiff's testimony and weighed her credibility with respect to her complaints about her physical and mental impairments, and the ALJ concluded that her claims were not consistent with the objective medical evidence.  Id. at 21.

Plaintiff was not able to meet her burden of showing that her functional limitations precluded her from returning to her previous employment.  Substantial evidence existed pointing to the fact that Plaintiff would be able to resume her former work.  A Physical RFC Assessment dated November 1, 2006, indicated that Plaintiff could stand, walk, lift and carry, and that though her ability to reach and finger was restricted, her ability to handle and feel was unlimited.  Admin. R. at 52, 316-321.  The VE testified that Plaintiff's housekeeping work

10

qualified as unskilled and rated as light work pursuant to the
Dictionary of Occupational Titles (DOT) code 323.687-014, and
that Plaintiff's former work as a relay operator and customer
service representative qualified as semi-skilled and sedentary
work.  Rep. & Rec. at 19.

Plaintiff has not engaged in any aggressive treatment
for the alleged pain in her shoulder and back.  Moreover,
Plaintiff testified that she washes dishes and dusts, engages in
online college studies for up to two hours at a time, and is able
to lift heavy objects "pretty good with [her] left hand."  Id. at
18-20.  The VE did testify that if Plaintiff's "reaching,
handling, and fingering [was limited] to occasionally, even at
sedentary, unskilled work, you're looking at no realistic
employment opportunities."  Admin. R. at 46.  As the trier of
fact, however, the ALJ was entitled to determine that Plaintiff's
alleged right arm and hand limitation was not credibly
established, and therefore, to conclude that this restriction is
inapplicable to Plaintiff.  Therefore, there was substantial
evidence to justify Magistrate Judge Angell's approval of the
ALJ's determination that Plaintiff could perform her past
relevant sedentary and light work.

3.   ALJ's review of certain key medical evidence.

Magistrate Judge Angell rejected Plaintiff's argument
that the ALJ committed reversible error by failing to consider

11

the July 25, 2006 MRI of Plaintiff's right shoulder and/or the
November 1, 2006 RFC formulation, since according to Plaintiff,
this evidence serves to establish Plaintiff's limitations with
respect to use of her dominant right arm.  First, Plaintiff
eventually acknowledged that the ALJ did in fact discuss the July
25, 2006 MRI in reaching a conclusion on Plaintiff's limitations.
See Pl.'s Reply Brief at 1.  Second, Magistrate Judge Angell
found that the ALJ's determination of Plaintiff's RFC mirrored
the physical figures presented in the November 1, 2006 RFC
formulation.  Although the November 1, 2006 Physical RFC
Assessment provided that Plaintiff had limited reaching ability
with her right arm, the ALJ considered the credibility of the
Plaintiff and all other available medical evidence in calculating
Plaintiff's appropriate RFC.  The ALJ's findings indicate that
the November 1, 2006 Physical RFC Assessment was considered by
the ALJ in the final determination of Plaintiff's RFC.

> 4.   Assessment of Plaintiff's treating chiropractor
>      and evidence related to Plaintiff's reaching with
>      her right arm.

Magistrate Judge Angell rejected Plaintiff's argument
that the ALJ should have given greater weight to the assessment
of Plaintiff's treating chiropractor, Dr. Wisdo ("Wisdo").
Wisdo's assessment indicates that Plaintiff's ability to reach is
limited, and that Plaintiff's manipulative limitations include
only occasional reaching, handling, and fingering.  Admin. R. at

296, 450.

The ALJ is required to consider all probative evidence, and must provide a claimant with "not only an expression of the evidence [the ALJ] considered which supports the result, but also some indication of the evidence which was rejected." Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). Here, however, the ALJ's decision did provide adequate detail addressing all evidence submitted by Plaintiff and explaining his rejection of Wisdo's evaluation in favor of other evidence found to be more credible.

The ALJ retains the discretion to determine the relative weight to be accorded to available medical opinions. See 20 C.F.R. § 416.927(d).  The ALJ is required to review submitted medical evidence in determining an individual's impairment from both "acceptable medical sources" and other healthcare providers who are not "acceptable medical sources." See 20 C.F.R. §§ 404.1502, 416.912.  The ALJ was not required to give Wisdo's opinion controlling weight.  See Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999) (holding that a chiropractor's opinion is "not 'an acceptable medical source' entitled to controlling weight.") (quoting 20 C.F.R. § 416.913).  Opinions from "not acceptable medical sources," such as chiropractors, should be considered by the ALJ in its overall findings, specifically with respect to issues such as the severity of

13

impairments and functional effects.  SSR 06-03P, 2006 WL 2329939
(S.S.A. Aug. 9, 2006).  Although an opinion from a "not accepted
medical source" can, under certain limited circumstances,
outweigh the opinion from a medical source, the ALJ need only
consider evidence from such a non-medical source with the
available evidence as a whole.  Id.

      Here, the ALJ gave credit to Plaintiff's other treating
physicians, including Grossinger, who concluded that Plaintiff's
arm was a normal study of the upper right extremity.  The ALJ
specifically addressed Wisdo's assessment and refused to accept
fully the opinion of Plaintiff's impairment.  The ALJ's opinion
provides:

> The diagnostic tests have shown either no
> abnormalities or only minimal findings.
> Physical examinations have shown restricted
> cervical range of motion, muscle spasm, and
> reduced grip strength.  However, no
> examination has revealed findings that would
> support the level of restriction reported by
> Dr. Wisdo on the assessment form.
> Furthermore, the [plaintiff's] primary care
> physicians, who have seen the [plaintiff] on
> an ongoing basis, have observed none of the
> restrictions reported by the chiropractor.

Admin. R. at 22.  Here, the ALJ considered the opinion of Wisdo
in relation to all other available medical evidence and
articulated clearly the reasons for rejecting Wisdo's assessment.
Therefore, Magistrate Judge Angell concluded that the ALJ
properly weighed Wisdo's opinion in light of the record as a

14

whole, and there is substantial evidence to support this finding.

> 5. Substantial evidence supported the ALJ's
> determination that Plaintiff is not disabled.

Magistrate Judge Angell concluded that Plaintiff's challenge with respect to the weight of evidence is simply a dispute over the ALJ's final determination that Plaintiff was not disabled.  Plaintiff raises no additional arguments as to the lack of substantive evidence to support the ALJ's determination. Based on the ALJ's review of all available medical evidence of record, and the concise and thorough recitation of the facts relied upon in reaching her decision, it appears that substantial evidence does exist to support the finding that Plaintiff is not disabled.


## III. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

The thrust of Plaintiff's objections to the Report and Recommendation merely regurgitate the arguments made in Plaintiff's motion for summary judgment regarding the deficiencies of the ALJ's decision.  As discussed above, the substance of these objections were addressed adequately by Magistrate Judge Angell in the Report and Recommendation.

The only objections asserted by Plaintiff not addressed directly in the Report and Recommendation relate to the ALJ's finding that Plaintiff was able to return to her past relevant work.  Plaintiff argues that the ALJ's RFC evaluation precludes a

factual finding that Plaintiff can return to her former
employment.

> Plaintiff contends that her physical limitations
preclude her from returning to her job as a housekeeper and/or
customer representative/relay operator.  Plaintiff notes that the
DOT describes the job of cleaner/housekeeper as requiring
frequent reaching.  Similarly, Plaintiff contends that the
position of customer service representative as described by the
DOT requires frequent reaching.[3]  Therefore, Plaintiff argues
that the ailments concerning her right shoulder, arm, and hand
prevent her from engaging in frequent reaching.  Plaintiff
ignores the fact that the ALJ did not conclude that Plaintiff's
right upper extremity was impaired to the extent that a return to
this type of job was not feasible.  Moreover, the VE provided
testimony in response to the ALJ's hypothetical questioning that
Plaintiff was eligible to perform this type of work.  Admin. R.
at 45-47.  Based upon the ALJ's reasoned examination of the
available evidence and decision, Plaintiff's objection is without
merit.

> Plaintiff further argues that the ALJ's RFC assessment
limiting her to "simple, repetitive tasks with only occasional

---

[3]    The DOT does not list a position of relay operator,
however, the VE testified that this position corresponds to DOT
code 235.662-022.  Admin. R. at 45.  Both the positions of relay
operator and customer service representative were classified by
the VE as semi-skilled and sedentary work.  Id.

16

changes in the work setting" prevents Plaintiff from returning to
her former occupations.  Plaintiff argues that this limitation to
simple, repetitive tasks means that Plaintiff is restricted to
perform only "unskilled work."  <u>See</u> 20 C.F.R. §§ 404.1568(a),
416.968(a) ("Unskilled work is work which needs little or no
judgment to do simple duties.").  Based upon this limitation,
Plaintiff argues she cannot be expected to perform the requisite
amount of mental functions to carry out the job of customer
service representative and/or relay operator.  Plaintiff asserts
that because the ALJ's RFC formulation should be interpreted as
limiting Plaintiff to occupations requiring only Level 1 or 2
reasoning skills (as defined in the DOT title job descriptions),[4]
she is precluded from working as either a customer representative
and/or relay operator because each occupation requires a Level 3
General Learning Ability.[5]

    Plaintiff is correct in arguing that courts have found
that an RFC evaluation limiting the claimant to simple,

---

[4]    The DOT defines Level 1 reasoning ability as follows:
"Apply commonsense understanding to carry out simple one-or-two
step instructions."  Level 2 reasoning ability is defined by the
DOT as follows: "Apply common sense understanding to carry out
detailed but uninvolved written or oral instructions" and "deal
with problems involving a few concrete variables in or from
standardized situations."

[5]    The DOT defines Level 3 reasoning ability as follows:
"Apply common sense understanding to carry out instructions
furnished in written, oral, or diagrammatic form;" "deal with
problems involving several concrete variables in or from
standardized situations."

repetitive tasks comports most appropriately with a Level 3
reasoning ability.  See e.g., Hackett v. Barnhart, 395 F.3d 1168,
1176 (10th Cir. 2005) (finding that an RFC limiting claimant to
"simple and routine tasks" was inconsistent with the definition
of level 3 reasoning ability).  A finding of a reasoning level of
2 based on this RFC evaluation seems entirely appropriate.  See
Money v. Barnhart, 91 Fed. Appx. 210, 215 (3d Cir. 2004) (non-
precedential decision) ("Working at reasoning level 2 would not
contradict the mandate that [the claimant's] work be simple,
routine and repetitive.").  Here, neither the ALJ nor the VE
provided a direct explanation as to the Plaintiff's level of
reasoning ability in relation to the restriction to perform
simple, repetitive tasks.  Therefore, Plaintiff asserts a
colorable argument that remand is appropriate to develop the
ALJ's findings as to whether the Plaintiff's RFC assessment is
consistent with the reasoning ability required for both customer
service representative and/or relay operator.

          Plaintiff fails to address, however, that the ALJ
found, based in part on testimony from the VE, that Plaintiff was
able to return to her past work as a housekeeper.  The DOT
prescribes that a reasoning level of only 1 is required to
perform this occupation.  Therefore, even assuming that Plaintiff
is correct that she is not suited to work as either a customer
service representative and/or relay operator based upon her

18

corresponding reasoning level limitation, an appropriate basis existed for the ALJ to find that Plaintiff could return to her work as a housekeeper.  Therefore, this objection is not material to the ALJ's final determination on Plaintiff's ability to perform past relevant work. <u>See</u> 20 C.F.R. § 404.1560(b)(3) (if a finding is made that the claimant can perform past relevant work he/she is not disabled).  The ALJ's finding is supported by substantial evidence.

**IV.  CONCLUSION**

For the reasons set forth above, Plaintiff's objections are overruled, Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.  The report and recommendation is adopted and judgment will be entered for Defendant and against Plaintiff.  An appropriate order follows.